UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| E. C. ECHOLS, JR., | ) No. CV 13-06949-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1.   Whether the Administrative Law Judge ("ALJ") committed

|   |   |   |
|---|---|---|
| | | harmful legal error in granting reduced or no weight to the physical function assessment of treating orthopedic surgeon Mays; |
| | 2. | Whether the finding that Plaintiff's subjective complaints are not credible is supported by clear and convincing rationales; and |
| | 3. | Whether the Appeals Council erred in failing to credit the treating and examining source evidence submitted in refusing to incorporate that evidence into the transcript of record. |

(JS at 5-6.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ DID NOT ERR IN DEPRECIATING THE OPINION OF DR. MAYS**

After administrative denials, Plaintiff received a hearing before an ALJ on December 8, 2011. (AR 38-64.) Plaintiff testified, and was represented by a non-attorney. Testimony was also taken from a vocational expert ("VE").

On February 24, 2012, the ALJ issued an unfavorable Decision. (AR 22-33.) Therein, the ALJ followed the familiar five step evaluation process, and at Step Two, determined that Plaintiff's severe impairments are the following: lumbar spine degenerative disc disease with evidence of right lower extremity radiculopathy; and a history of anxiety and panic disorders. (AR 24.) After finding that Plaintiff

does not meet any of the Listings, the ALJ determined Plaintiff's residual functional capacity ("RFC") as permitting the performance of light work with certain limitations, and also limiting Plaintiff to the performance of simple, routine and repetitive tasks. (AR 26-27.) In reaching his determination as to Plaintiff's severe impairments and RFC, the ALJ considered substantial medical evidence in the record. It is the ALJ's depreciation of the opinion of treating orthopedist Dr. Mays that forms Plaintiff's first issue.

In a case such as this, where there are conflicting medical opinions among examining physicians (both treating and non-treating), it is the ALJ's obligation to provide "specific and legitimate" reasons which are supported by substantial evidence in the record, if the ALJ depreciates the opinion of a treating physician. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Plaintiff asserts that the ALJ failed to meet this standard, arguing that he provided two inadequate reasons to reject Dr. Mays' opinions, the first being the ALJ's conclusion that Dr. Mays' opinions are "inconsistent with the objective medical evidence as a whole, ..." and the second concerning a date for assessed limitations in a questionnaire Dr. Mays completed. (See, generally, AR at 30, and 751-752.)

As the ALJ noted, Plaintiff hurt his back on the job while lifting luggage at the airport on August 9, 2009. (AR 27, citing AR 225.) The ALJ reviewed records of ensuing treatment. The ALJ noted that Plaintiff received an MRI in February 2010 which indicated disc protrusions, but there was no evidence of spinal stenosis. (AR 28, 314-317.) In October 2010 an x-ray of Plaintiff's lumbar spine indicated that there was only mild degenerative disc disease. (AR 28, 340.) In a December 2009 EMG, evidence indicated right active

radiculopathy, but no other evidence of active lumbar radiculopathy in Plaintiff's lower extremities, and importantly, Plaintiff exhibited a full range of motion in his lower extremities, with normal motor strength and no atrophy. (AR 664, 667.)

Based on this record, the ALJ's Decision does not simply reject the opinion of the treating physician because it is "inconsistent with the overall medical evidence." If that were the case, as this Court has often opined, such a reason would not rise to the level of being "specific and legitimate."

The ALJ also determined that the opinions of Dr. Mays were not consistent with clinical examinations that Plaintiff received during the same time period. In August 2009, Dr. Lee, from Kaiser, indicated that Plaintiff showed normal motor skills and strength and displayed no weakness, although there was a decreased range of motion in his back and a positive straight leg raise test. (AR 27, 233.) In October 2009, another Kaiser physician, Dr. Nguyen, reported that Plaintiff had normal gait and coordination, a normal straight leg raise test, and showed normal muscle tone with no weakness or evidence of atrophy. (AR 28, 215.) In June 2010, Dr. Hasday, the medical examiner for Plaintiff's workers' compensation case, reported that Plaintiff had a normal motor examination and normal hip range of motion except for diminished abduction on the left, a diminished range of motion in his back, a positive straight leg raise test, and antalgic gait on his right side. (AR 28, 297-298.)

The ALJ further concluded that Dr. Mays' opinion was not consistent with objective findings and the opinion of consultative examiner ("CE") Dr. Lim. (AR 29, 336-339.) In an October 2010 examination, Dr. Lim found that Plaintiff had full strength without

4

focal motor deficits, normal muscle bulk and tone without atrophy, intact sensation, and intact and symmetrical deep tendon reflexes. (AR 338.) Plaintiff had a slow gait and did use a walker to ambulate. (AR 339.) Dr. Lim made a functional assessment which restricted Plaintiff to standing and/or walking about six hours in an eight-hour day with appropriate breaks, an ability to sit for six hours in an eight-hour day; lifting and carrying 50 pounds occasionally and 25 pounds frequently. (AR 339.) The ALJ's RFC is far more conservative than Dr. Lim's opinion. The ALJ considered Plaintiff's EMG findings which showed right radiculopathy, and an MRI which revealed disc protrusions, and thus limited Plaintiff to a modified range of light work. (AR 29.)

Considering the above, the ALJ's conclusion that Dr. Mays' opinion was not consistent with the overall medical evidence is supported by very specific references to the contradictions in the record between Dr. Mays' opinions and those of other examining physicians. Significantly, Plaintiff does not dispute the accuracy of those differences in opinions. It is the ALJ's job to consider all the medical evidence, assess it, and determine a correct RFC. See 20 C.F.R. § 404.1527(b)(2), 416.927(e)(2); Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).

Of further significance is the fact that the ALJ did not outright reject Dr. Mays' opinions, but in fact incorporated some of the functional restrictions Dr. Mays assessed into his RFC.

For the foregoing reasons, the Court finds no merit as to Plaintiff's first issue.

**II**

**THE ALJ'S ASSESSMENT OF PLAINTIFF'S CREDIBILITY WAS ERRONEOUS**

In Plaintiff's second issue, he contends that the ALJ did not properly assess his credibility. The ALJ found that Plaintiff's credibility was depreciated to the extent his description of symptoms was not consistent with the determined RFC. (AR 30-31.)

In determining Plaintiff's credibility, the ALJ must meet a high standard of showing "clear and convincing" reasons to reject subjective testimony as to symptoms. See Light v. Social Security Admin., 119 F.3d 789, 792 (9th Cir. 1997). One of those reasons may be a lack of objective evidence, or a substantial conflict between objective evidence and disabling claims. It cannot, however, constitute the sole reason to reject credibility.

In this case, the ALJ provided several reasons to discount Plaintiff's credibility. The first is that Plaintiff's testimony that he had an MRI of his knee and his doctor said he needed total right knee replacement was not supported by objective evidence in the file. (AR 30.) The Commissioner acknowledges that Dr. Pickering, a Kaiser physician, wrote a letter on August 15, 2011 which stated, in part, that Plaintiff "is now seeing orthopedics and will need a knee surgery." (AR 743.) The Commissioner, however, misconstrues the ALJ's interpretation of Plaintiff's testimony, arguing in the JS that "the ALJ reasonably did not accept Plaintiff's claim that he needed a right knee replacement because it was not supported by the medical evidence." (JS at 24, citing Plaintiff's testimony at AR 47.) The point, however, is not whether there is medical evidence to support Dr. Pickering's statement, but whether Dr. Pickering made that statement. Clearly, she did. Thus, whether or not Plaintiff needed a knee replacement is not the issue with regard to the credibility analysis. Rather, it is whether Plaintiff credibly testified that he

was told by a doctor at Kaiser that his knee had to be replaced. On this count, the Commissioner is wrong.

The next reason specifically cited in the ALJ's Decision concerns Plaintiff's testimony that he has to use a walker. The ALJ depreciated Plaintiff's credibility by indicating in his Decision that "the need for a walker is not substantiated by the medical record." (Ar 30.) Again, the Commissioner is wrong in his attempt to substantiate this reasoning. In a "Progress Report" of March 17, 2010, orthopedic physician Dr. Dahi reported that Plaintiff's gait demonstrated a limp on the right hand side, and that Plaintiff was using a cane for assistance in ambulation. (AR 716.) Indeed, as Plaintiff's counsel notes, Dr. Dahi ordered a "tall cane" for Plaintiff. (AR 717.) Further, the ALJ's notation that Plaintiff participated in a treadmill stress test in May 2010 for almost ten minutes, as suggestive of an ability to ambulate, does not support the ALJ's credibility determination. As Plaintiff's counsel points out, during a stress test, there may be rails on the treadmill to assist the patient in obtaining stability. The use of rails may very well be equivalent to the use of a cane, and for that reason, the Court does not give any credence to the ALJ's reference to the treadmill stress test as a reason to depreciate Plaintiff's credibility.

The only other stated reason to depreciate Plaintiff's credibility which can be found in the ALJ's Decision is a reference to Plaintiff's activities of daily living ("ADL"). This factor is referenced in the ALJ's discussion of the observations of Plaintiff's father-in-law as to the level of Plaintiff's ADL. He observed that Plaintiff takes walks, takes his children to school, sporting events and church, does light cleaning, makes sandwiches, and shops for food

for 30 to 45 minutes. The ALJ found that these observations "are not fully persuasive on the severity of the claimant's impairments." (AR 30.) The Court does not, however, find that this recitation of ADL has any logical connection to a depreciation of Plaintiff's credibility. A person who utilizes a cane for ambulation can do such things as make sandwiches or attend a sporting event. Someone can watch a basketball game sitting down. Similarly, a person who might utilize a cane can do light cleaning, such a dust a table. As to shopping for food for 30 to 45 minutes, it may be a common observation that some markets have carts for handicapped people. Absent more, there is nothing in the record to indicate that shopping for 30 to 45 minutes for food is an activity which would depreciate Plaintiff's description of his physical symptoms.

For the foregoing reasons, the Court determines that the ALJ's assessment of Plaintiff's credibility was erroneous, and requires remand for further hearing.

The Court's determination that this matter must be remanded for a new hearing controls the third issue, in which Plaintiff asserts that the Appeals Council erred in failing to credit the treating and examining source evidence which was submitted and refused to incorporate that evidence into the transcript of record. At a new hearing, all relevant evidence will be considered.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED**.

DATED: March 20, 2014              /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE